(81 Misc. Rep. 293.)

### PEOPLE ex rel. MITCHELL v. SOHMER, State Comptroller.

(Supreme Court, Special Term, Albany County. June, 1913.)

STATES (§ 51*)—COMMISSIONER OF LABOR—EXPIRATION OF TERM OF OFFICE—FILLING VACANCY.

Where the term of office of the state commissioner of labor expired December 31, 1912, but he discharged the duties of the office until his successor was qualified under Public Officers Law (Consol. Laws 1909, c. 47) § 5, a so-called resignation after adjournment of the Legislature did not affect the vacancy existing for the purpose of naming the successor, and was one which occurred during the session of the Senate, which could be filled by the Governor only with the advice and consent of the Senate, under Labor Law, c. 36 (Consol. Laws 1909, c. 31), and was not a vacancy existing otherwise than by expiration of term while the Senate was not in session.

[Ed. Note.—For other cases, see States, Cent. Dig. § 56; Dec. Dig. § 51.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Application by the People, on the relation of John Mitchell, for writ of mandamus to William Sohmer, State Comptroller. Application denied.

See, also, 142 N. Y. Supp. 1138.

Herrick & Herrick, of Albany (D. Cady Herrick, of Albany, of counsel), for relator.

Thomas Carmody, Atty. Gen. (J. A. Parsons, Deputy Atty. Gen.), for defendant.

CHESTER, J. John Williams held the office of commissioner of labor of the state under a term which expired on the 31st day of December, 1912. Thereafter during the recent session of the Legislature the nomination of John Mitchell, the relator, was twice sent by the Governor to the Senate for appointment as commissioner of labor as the successor of said John Williams and was twice rejected by the Senate, the last time on the 3d day of May, 1913, after which on the same day the Senate and Assembly adjourned without date. John Williams, the incumbent of the office, who had been holding over and continuing to discharge the duties of the office after the expiration of the term for which he had been appointed until his successor should be chosen and qualified, pursuant to the provision of section 5 of the Public Officers Law (Laws 1909, c. 51, being Consol. Laws, c. 47), on the 16th day of May, 1913, resigned the office of commissioner of labor and on that day the Governor appointed the relator in his stead, and the latter thereupon took the oath of office. The defendant, under the advice of the Attorney General, refused to issue a warrant for the payment of his salary for the portion of the month during which he has served, on the ground of the alleged illegality of the appointment; hence this proceeding.

Under section 40 of the Labor Law (Laws 1909, c. 36, being Consol. Laws, c. 31) the commissioner of labor is appointed by the Governor by and with the advice and consent of the Senate, and holds his office for a term of four years beginning on the 1st day of January of the year in which he is appointed. Section 7 of the Public Officers Law provides the method of nomination and appointment to an office by the Governor by and with the advice and consent of the Senate, and further provides that:

"If such nomination be of a successor to a predecessor in the same office, it may be made and acted upon by the Senate after the expiration of the term or occurrence of a vacancy in the office of such predecessor, or at any time during the legislative session of the calendar year in which the term of office of such predecessor shall expire or in which the office shall become vacant."

The Constitution provides in section 8 of article 10 that:

"The Legislature may declare the cases in which any office shall be deemed vacant when no provision is made for that purpose in this Constitution."

Section 5 of the Public Officers Law, in relation to an incumbent holding over after the expiration of the term for which he shall have been chosen, contains the following significant clause:

"But after the expiration of such term, the office shall be deemed vacant for the purpose of choosing his successor."

Section 30 of the Public Officers Law defines what events will create a vacancy in office "before the expiration of the term thereof," and provides that vacancies shall be caused by the death of the incumbent, his resignation, his removal from office, his ceasing to be an inhabitant of the state, the judgment of a court declaring void his election or appointment, or that his office is forfeited or vacant, and his refusal or neglect to qualify.

Section 39 of the Public Officers Law provides that:

"A vacancy which shall occur during the session of the Senate, in the office of an officer appointed by the Governor by and with the advice and consent of the Senate, shall be filled in the same manner as an original appointment. Such a vacancy occurring or existing otherwise than by expiration of term, while the Senate is not in session, shall be filled by the Governor for a term which shall expire at the end of twenty days from the commencement of the next meeting of the Senate."

The foregoing are all the provisions of law which to my mind have an important bearing upon the questions involved. The claim of the petitioner here is that by reason of the resignation of John Williams, the commissioner who was holding over after the expiration of his term of office, a vacancy was created after the adjournment of the Senate, which may be filled by the Governor without the advice and consent of the Senate. The Attorney General insists, upon the other hand, that the vacancy was the one that existed by reason of the expiration of the term of office, and was the same vacancy which existed during the entire session of the Senate.

Counsel on both sides have presented the matter to me informally, with the request for an immediate determination, so that the question may be reviewed by the Appellate Division at an extraordinary term thereof called by the Governor for Monday next, in the hope that its determination may in turn be reviewed by the Court of Appeals before it adjourns for the summer on the 20th instant. Because of this haste, no arguments of the questions, other than the mere statement of the respective claims, were presented by counsel upon either side, and no briefs submitted. Neither would counsel upon either side consent that a pro forma order, in fact, if not in form, be made by me to facilitate such review. I must therefore reach my conclusion without the valuable aid which is ordinarily afforded by the arguments of counsel.

The statute above quoted clearly provides what events will create a vacancy in an office *before* the expiration of the term thereof, and it also provides as stated that *after* the expiration of such term the office shall be deemed vacant for the purpose of choosing a successor. The statute is silent so far as I am aware as to the effect of a resignation of an incumbent holding over on the question of the time when the vacancy happens. Does a vacancy arise by reason of such resignation in a case where the office is "deemed vacant" under the law for the purpose of appointing a successor? The question would seem to carry its own answer. Of course, there is no vacancy in the office in the sense that the office is unoccupied, because the incumbent is authorized to hold over after the expiration of his term until his successor shall be chosen and qualified; but for the purpose of choosing

a successor the term "vacancy" means quite another thing, and it has been so recognized in the statute. Mr. Williams was simply holding over; he was not filling a new term of office; his term had expired. A new term of office was to begin on the 1st of January following the expiration of his term on the 31st of December. No one was filling that term.

Did the fact that he resigned on the 16th of May, while he was holding over, create any other or different vacancy than that which arose by reason of the expiration of his term of office, or was the paper which is called his resignation simply his declaration that he would hold over no longer? I think it must be answered that his so-called resignation had no effect upon the "vacancy" which under the statute was deemed to exist for the purpose of naming a successor, and that the vacancy was therefore one which occurred during the session of the Senate, which could be filled by the Governor only with the advice and consent of that body, and was not a vacancy occurring or existing otherwise than by expiration of term while the Senate is not in session.

If this conclusion is not correct, the lawful power of the Senate to give its advice and consent upon executive appointments could be defeated in many, if not most, cases, and the executive would exercise the power of appointment independent of the Senate in many cases where the law provides that such appointments can be made only by the Governor by and with the advice and consent of that body.

If these views are correct, it follows that the application should be denied, as a matter of law, and not as a matter of discretion.

Application denied.